**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12583

Non-Argument Calendar

————————————————

JOHN ANDREW KISTER,

*Plaintiff-Appellant,*

*versus*

BIBB CF WARDEN,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00606-ECM-SMD

————————————————

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

John Kister, pro se, appeals the district court's failure to rule on his post-judgment "motion to return [Prison Litigation Reform Act] mandate payments." Kister filed that motion in April 2025 and

filed his notice of appeal in July.  The district court denied the motion in October.

We lack jurisdiction over Kister's appeal because he does not appeal any decision by the district court, much less an order that is final or otherwise appealable.  *See* Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"); 28 U.S.C. § 1291 (providing that we have jurisdiction over "appeals from all final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits." (quotation marks omitted)).  While Kister may have anticipated the order denying the motion, that order did not exist when Kister filed his notice of appeal.  *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (providing that a notice of appeal must designate an already-existing judgment or order, not one that is merely expected or within the appellant's contemplation when the notice of appeal is filed).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.